CONSOLIDATED LOOPS CO. v. BARNUM & BAILEY, Limited.

(Circuit Court, S. D. New York. August 31, 1908.)

PATENTS (§ 328*)—INFRINGEMENT—AMUSEMENT APPARATUS.

The Hagen patent, No. 738,434, for improvements in amusement apparatus, held not infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. On final hearing.

O. Ellery Edwards, for complainant.
Holmes & Rogers, for defendant.

MARTIN, District Judge. This bill of complaint is brought to recover gains and profits that have accrued to the defendant, and damages sustained by the complainant, by reason of an alleged infringement of the complainant's patent, and to enjoin the defendants from

further infringement. The complaint alleges that one Claude L. Hagen was "the original and first inventor of certain new and useful improvements in amusement apparatus, which improvements had not been known or used before his invention thereof," and that the same had been duly sold and transferred to the complainant; that the complainant is now the exclusive owner of said letters patent; that the defendants, in the Southern district of New York and elsewhere within the United States, without license or permission of the complainant, and within two years of the commencement of this suit, unlawfully and wrongfully used and exhibited said amusement apparatus containing said invention and improvements described in said letters patent.

The defendants in their answer deny having infringed the complainant's patent, and aver that said patent is wholly lacking "in patentable quality and novelty," but that "the substantial and material parts thereof were shown, disclosed, and described in various letters patent of the United States issued prior to the pretended invention or discovery thereof by said Hagen." There are various other matters set forth in the complaint and in the answer to which it is unnecessary to refer.

It is not claimed that said Hagen, by said letters patent, is a pioneer in this class of amusement apparatus, but that he has patented "useful improvements." It is unnecessary to pass upon the defendant's allegation to the effect that these letters patent do not embody novelty, nor rise to the standard of genius. The defendant's amusement apparatus, which it denominated as the "Dip of Death," was covered by letters patent, of which the defendant, at the time of the alleged infringement, was the absolute owner, being Nos. 783,812, 795,087, and 798,102. It appears from the exhibits that these patents of the defendant, though of later date than that of the complainant, are improvements in such amusement apparatus, and as far from and independent of the complainant's patent as the complainant's is of former patents or the prior art. I find, from this meager evidence and an examination of the exhibits, that the defendant is not guilty of infringement.

The defendant may have a decree.